UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH PEARSON,<br><br>                Plaintiff(s),<br>    v.<br><br>SYSCO FOOD DISTRIBUTION and RESTAURANT SUPPLIES, et al.,<br><br>                Defendant(s). | CASE NO. C24-2115-KKE<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendants' motion to dismiss for failure to state a claim; for failure to name the correct legal entity; and for failure to timely serve Mayra Casanova, Nathaniel Spitzer, and Barbara Barde. Dkt. No. 21. Plaintiff Deborah Pearson, representing herself and proceeding in forma pauperis, did not file an opposition. For the reasons below, the Court will grant Defendants' motion to dismiss as unopposed.

## I. BACKGROUND

On February 14, 2025, Pearson, representing herself, filed a complaint against Sysco Food Distribution & Restaurant Supplies, as well as two managers and human resources employee at Sysco, alleging employment discrimination. Dkt. No. 7 at 2–3. On July 8, 2025, the Court ordered Plaintiff to show cause as to why the case should not be dismissed for failure to serve her complaint within 90 days of filing her complaint. Dkt. No. 10. After Pearson responded to the Court's order to show cause, the Court extended Pearson's deadline to serve all defendants until August 29,

ORDER GRANTING MOTION TO DISMISS - 1

2025.  Dkt. Nos. 11, 12.  On September 8, 2025, Plaintiff filed an affidavit showing she served Sysco Food Distribution & Restaurant Supplies on August 28, 2025.  Dkt. No. 13.  The affidavit did not show service upon individual defendants Mayra Casanova, Nathaniel Spitzer, or Barbara Barde.  Dkt. No. 13.

Defendants now move to dismiss the Complaint on three separate grounds:  First, they argue that Pearson failed to state a claim upon which relief can be granted because Pearson's asserted grounds for relief do not provide for individual liability.  Dkt. No. 21 at 5–6 (citing *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993)).  Second, Defendants contend that under Rule 4(m), the Complaint must be dismissed as to the individually-named defendants because Pearson failed to properly serve any of them, despite the Court's prior order directing Plaintiff to serve Defendants by August 29, 2025.  *Id.* at 3–4.  Finally, Defendants argue that the case should be dismissed against Sysco because Plaintiff failed to name the correct legal entity.  *Id.* at 2–3.  Pearson did not respond or otherwise oppose the motion.  Thus, as detailed below, the Court will grant Defendants' motion as unopposed.

## II.   ANALYSIS

In this district, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."  Local Rules W.D. Wash. LCR 7(b)(2).  The Ninth Circuit has affirmed dismissal of a pro se plaintiff's case for failure to respond to a motion to dismiss, consistent with a local rule.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  "Failure to follow a district court's local rules is a proper ground for dismissal."  *Id.* "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their

merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (citation modified).

The public's interest in expeditious resolution, the Court's need to manage its docket, and the risk of prejudice to the defendants all weigh in favor of dismissal here. Although public policy favoring disposition of cases on the merits weighs against dismissal, "that objective can only be achieved if plaintiff elects to cooperate in the process." *Lambert v. Aston*, No. C17-1792-RAJ-JPD, 2018 WL 6517556, at *3 (W.D. Wash. Nov. 13, 2018), *report and recommendation adopted*, No. C17-1792-RAJ, 2018 WL 6505430 (W.D. Wash. Dec. 10, 2018). Thus, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citation modified).

Finally, the Court finds dismissal is appropriate despite the availability of a less drastic sanction. The Ninth Circuit has explained that in assessing this factor, a district court should consider "the adequacy of less drastic sanctions," and whether it provided the plaintiff with a warning of the possibility of dismissal. *In re Phenylpropanolamine*, 460 F.3d at 1228–29. Here, as Defendants observe, the Court could dismiss the action as to the individually-named Defendants and allow Pearson to amend her complaint to substitute the proper corporate entity. However, such a sanction would be inadequate in this case. Here, Pearson's deadline to oppose the motion to dismiss elapsed over two months ago, and, to date, she has neither filed a response nor requested an extension of time from the Court. Indeed, this is not the first deadline Pearson has missed in this case. Despite filing her complaint on February 14, 2025, Pearson failed to effectuate service on any defendant until August 28, 2025, and only did so following the Court's issuance of an order to show cause. *See* Dkt. Nos. 1, 10, 13. Moreover, the Court has previously warned Pearson that failure to comply with a court order could lead to dismissal of the case. *See* Dkt. No. 10 (ordering

ORDER GRANTING MOTION TO DISMISS - 3

Pearson to show cause why her case should not be dismissed for failure to prosecute, and explaining that her failure to comply with the Court's order would result in dismissal without prejudice).

Thus, having weighed the factors, the Court will grant Defendants' motion to dismiss. Dkt. No. 21.

### III.  CONCLUSION

In sum, the Court GRANTS the motion to dismiss (Dkt. No. 21) and dismisses the case without prejudice.

Dated this 16th day of January, 2026.

Kymberly K. Evanson
United States District Judge